198 So. 435

## STATE v. BIRMINGHAM BEAUTY SHOP.

### 6 Div. 727.

Supreme Court of Alabama.

Oct. 10, 1940.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for the motion.

Wm. B. McCollough, of Birmingham, opposed.

BOULDIN, Justice.

Schedule 21 of section 348, Revenue Act of 1935 (Acts 1935, p. 447), reads: "Each person operating what is generally known as a Beauty Parlor, or other place where hair dressing, facial treatments, manicuring, or hair waving is done shall pay a license of ten dollars ($10.00) and for each operator so employed, as follows: In cities of more than sixty thousand (60,000) inhabitants, six dollars ($6.00). In cities of less than sixty thousand (60,000) inhabitants and all other places whether incorporated or not, four dollars ($4.00). This schedule of fees shall apply to beauty parlor colleges where said colleges engage in beauty parlor work for which a charge is made or material used is charged therefor."

The State brought an action to recover privilege taxes alleged to be due under this schedule from the operators of Birmingham Beauty Shop for the tax year 1935–6. The trial was on an agreed statement of facts, incorporated, by reference, in the opinion of the Court of Appeals, now here for review.

In substance, the controlling facts are:

Defendants were operators of Birmingham Beauty Shop on 20th Street in Birmingham during the period specified. They paid the basic license tax of $10 to the State and $5 to the county. One of the partners gave beauty treatments. Ten other persons were engaged in the like business in this shop, using same shop equipment.

"Those ten persons engaged in said beauty culture work were not servants or employees of the Defendant, but were independent contractors and operators, on their own, paying the Defendant a percentage of their income collected by them from their customers for the privilege of operating there.

\*     \*     \*     \*     \*     \*

"The said ten persons working on the premises leased by the Defendant, as independent contractors and operators, have not procured the license levied by Schedule 86 of the Revenue Acts of 1935, nor were same demanded."

The State claims of the operators of the Beauty Shop an additional privilege tax based on the number of these other operators.

The State insists they come within the clause "and for each operator so employed," in Schedule 21.

The defendants insist this clause covers only employees having the relation of master and servant, and not operators having the status of independent contractors serving their customers.

The Court of Appeals, affirming the trial court, takes this latter view, as clearly disclosed in the opinion now under review.

■ Schedule 21 levies a graduated privilege tax on the operator of a Beauty Parlor. It is graduated in two respects: First by the number of operators employed in giving beauty treatment; second by the location of the shop. A higher tax in a populous city, where the potential custom is greater. This feature is expressive of a legislative intent, running through many schedules, to impose such taxes equitably, in proportion to the income normally expected from the exercise of the privilege.

■ This is the primary purpose of the clause "and for each operator so employed." The volume of business, measured by the number of operators, from whose work the proprietor derives an income is the obvious basis of the levy.

■ We are convinced that whether the operator giving beauty treatment pays the proprietor a per centum of his or her receipts for services, or is paid a wage or salary as an employee in the technical sense is unimportant. If all these ten operators had been partners in the enterprise, the added tax would apply.

■ To interpret the statute as claimed by the taxpayer, is to adopt a test bearing no relation to the basis upon which the tax is levied; and to require taxing authorities to pry into the private relations between the operator of the shop, and operators giving beauty treatment in the shop. The word "employed" is to be construed in its connotation.

One definition of "employment" is: "That which engages or occupies;" one's "occupation." Webster's International Dictionary. By same authority, one definition of employed is: "To give employment to," "to have employment."

"So employed" in its connotation means engaged in giving beauty treatment as a business in a beauty shop under contractual arrangement whereby the proprietor derives an income from such business.

■ This meaning is given emphasis in the last sentence of Schedule 21. This Schedule of fees, not the basic fee of $10, is levied on beauty parlor colleges which

engage in beauty parlor work "for which a charge is made or material used is charged therefor."

Here is no suggestion that student operators must be employees in the usual sense. Is beauty parlor work done for which a charge is made? That is the test.

Schedule 86 of the same Act, p. 474, is in full harmony with our construction. If an operator is engaged in his employment, giving beauty treatment, in a Beauty Parlor which has paid the license tax under Schedule 21, the tax gatherer shall pass him by. This is the administrative construction given Schedule 86, as disclosed by the statement of facts, and, is; in our opinion, the correct construction.

Certiorari granted, the judgment of the Court of Appeals reversed and vacated, and the cause remanded to that court for proceedings in accordance with this opinion.

All Justices concur.